IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

AMERICAN MODERN HOME
INSURANCE COMPANY,

        Plaintiff,

v.

TULSA FEDERAL CREDIT UNION,

        Defendant.

Case No. CIV-14-506-RAW

## ORDER

Before the court is the motion for partial judgment on the pleadings filed by Tulsa Federal Credit Union (hereinafter "TFCU") [Docket No. 13] and the motion for judgment on the pleadings as to TFCU's bad faith claim by American Modern Home Insurance Company (hereinafter "American Modern"). For the reasons set forth below, TFCU's motion is granted in part and denied in part. American Modern's motion is denied.

*Allegations in the Complaint and Counterclaim*

American Modern filed its Complaint on November 18, 2014, alleging the following: American Modern issued a homeowner's policy to Ronnie Beel and naming TFCU as the lienholder in regard to the insured property (hereinafter the "Policy").[1] TFCU initiated a foreclosure action against Mr. Beel on the insured property. Before he vacated the property, Mr. Beel removed fixtures and/or damaged the dwelling. The Policy included coverage for loss due

---

[1]The Policy is attached to the Complaint.

to vandalism, malicious mischief and burglary.[2]

American Modern also alleges: TFCU filed a claim with American Modern under the policy for at least $246,025 for the removal and damages done by or at the direction of Mr. Beel. American Modern determined that this is not an insured loss, as the removal and damage was done by the insured, and thus cannot constitute vandalism, malicious mischief or burglary under the terms of the Policy. American Modern further alleges that TFCU breached the conditions of the Policy by failing to provide American Modern with inspection reports and foreclosure documents so that American Modern could investigate the claim. American Modern requests that the court declare that TFCU's claim is not covered under the Policy and that TFCU has breached the terms of the Policy in any event.

On December 11, 2014, TFCU filed its Answer and Counterclaim, alleging the following: TFCU is an insured lienholder/mortgagee under the Policy. TFCU requested the evidence upon which Americn Modern based its denial of coverage, but American Modern refused or neglected to respond. American Modern inspected the insured property and promptly denied TFCU's claim based on hearsay, speculation, conjecture and/or surmise that Mr. Beel caused the damage. Although TFCU commenced a foreclosure action against Mr. Beel on May 7, 2013, Mr. Beel was in lawful possession of the insured property until April 24, 2014. Immediately upon discovery of the loss, TFCU filed an emergency application for appointment of receiver. The foreclosure court allowed TFCU to take possession of the insured property on April 24, 2014.

TFCU further alleges: TFCU cooperated in American Modern's investigation and

---

[2]The parties do not dispute that the Policy was in effect at the time of the loss. TFCU states that it paid the premium for the year January 13, 2014 through January 13, 2015.

handling of TFCU's claim and discharged any and all duties it had as an insured lienholder and mortgagee under the Policy. TFCU provided American Modern with information relating to the note and mortgage, as well as the police report from Wagoner Police Department's investigation. TFCU also provided American Modern's adjuster with access to the insured property and information regarding the foreclosure. TFCU is aware of no direct evidence confirming that Mr. Bell caused the damage to the insured property. TFCU requests the court declare that the mortgage clause in the Policy provides coverage to TFCU for the damage and loss to the insured property even if Mr. Beel caused it, and that TFCU complied with the terms and conditions of the Policy or that American Modern waived them. TFCU also seeks judgment against American Modern for breach of contract and bad faith.

*The Policy*

Section I of the Policy covers damage caused by, *inter alia*, fire, vandalism, malicious mischief and burglary. The Policy, Docket No. 3-1, p. 16.[3]

1. Fire or lightning.
8. Vandalism or malicious mischief.
   This peril does not include loss to property on the residence premises if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.
9. Burglary from within a building on the residence premises of which there must be visible evidence of forcible entry.
   This peril does not include loss caused by burglary:
   a. *committed by an insured*;
   b. in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied; or
   c. from any part of a residence premises rented by an insured to other than an insured.

---

[3]The court uses the page numbers provided by CM-ECF.

Id. (emphasis added). The Policy does not define "vandalism" or "malicious mischief." It defines "burglary" as: "the forcible entry into the insured dwelling or other structure on the residence premises with the intent to steal." Id. at 12. Section I also lists the following exclusion:

> We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
> 8. Intentional Loss, meaning *any loss arising out of any act committed*:
>    a. *by or at the direction of an insured*; and
>    b. with the intent to cause a loss.

Id. at 16-17 (emphasis added).

> The Policy includes a mortgage clause, which states in pertinent part:
>
> 11. Mortgage Clause.
>     a. The word "mortgagee" includes trustee.
>     b. If a mortgagee is named in this policy[4], any loss payable under COVERAGE A or B shall be paid to the mortgagee and you, as interests appear.
>        If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.
>     c. If we deny your claim, that denial will not apply to a *valid claim* of the mortgagee, if the mortgagee:
>        (1) notifies us of any change in ownership, occupancy or substantial change in risk of which the mortagee is aware;
>        (2) pays any premium due under this policy on demand if you have neglected to pay the premium;
>        (3) submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

Id. at 18-19 (emphasis added).

*Analysis*

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure

---

[4]TFCU is named in the policy as the only lienholder. Id. at 1.

12(c). The standard of review under Rule 12(c) is the same as that under Rule 12(b)(6). Colony Ins. Co. v. Burke, 698 F.3d 1222, 1228 (10th Cir. 2012). Accordingly, the court accepts as true all of the factual allegations in the complaint and counterclaim and construes those facts in the light most favorable to the non-moving party. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions.[5] To survive the motions for judgment on the pleadings, the complaint and counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Burke, 698 F.3d at 1228 (citation omitted).

*TFCU's Motion*

TFCU requests judgment in its favor on the declaratory judgment requested by American Modern in its Complaint and by TFCU in its Counterclaim. American Modern argues that it denied coverage because it determined that the loss was caused by the insured and therefore was not a covered loss as "vandalism," "malicious mischief," or "burglary" under the Policy. TFCU argues it is entitled to judgment on the pleadings because even if Mr. Beel intentionally caused the loss, TFCU may recover under the Policy as mortgagee.

---

[5] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

5

There are two types of clauses that protect a lender in an insurance policy – a loss payable clause and a standard mortgage clause. Willis v. Nowata Land and Cattle Co., Inc., 789 P.2d 1282, 1286 (Okla. 1989). Under a loss payable clause, "the mortgage lender has a derivative right to recover the insurance proceeds, which is *completely dependent* upon the validity of mortgagor's (borrower's) claim against the insurer." Id. (emphasis in original). Additionally, the "mortgage lender's interest in the funds is treated as a security for his debt and ceases when the debt is extinguished." Id.

A standard mortgage clause, "on the other hand, operates to create an *independent contract* between the insurer and the mortgage lender so as to protect the latter from the borrower's misconduct and to shield the lender's own interest in the property." Id. (emphasis in orginal). In Wilson v. Glancy, the Oklahoma Supreme Court cited the following as the pertinent part of a mortgage clause and ruled it to be a "standard mortgage clause" based on that language:

> 12. Mortgage Clause. The word "mortgagee includes trustee:
> a. If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

Wilson v. Glancy, 913 P.2d 286, 289 (Okla. 1995).

As TFCU argues, the Policy at issue here contains the same language. American Modern concedes that the Policy includes a standard mortgage clause. Response, Docket No. 17, p. 5. American Modern also acknowledges that under a standard mortgage clause, in the case of damage or loss caused by fire, even if the insured could not recover based on an intentional acts exclusion like the one in the Policy, the mortgage lender could still recover. Id. This is because under a "standard mortgage clause, the rights of the mortgagee cannot be affected by any act or neglect of the owner or mortgagor, occurring after the issuance of the policy." National Fire Ins.

6

Co. of Hartford, Conn. v. Dallas Joint Stock Land Bank of Dallas, 50 P.2d 326, 328 (Okla. 1935).

Instead, American Modern argues that it determined that the damage was caused by Mr. Beel, the insured, and therefore cannot be covered as "vandalism," "malicious mischief" or "burglary" by their very definitions, as those acts cannot be perpetrated by the insured property owner. While the policy does not define "vandalism" or "malicious mischief," it does define "burglary." Not only does the Policy's definition of "burglary" not include the requirement that it be done to another's property, it also states that it will not cover "burglary" committed by any insured. The Policy, Docket No. 3-1, p. 12 and 16.[6] In fact, the Policy excludes any loss intentionally caused by or at the direction of the insured. Id. at 16-17.

Vandalism is defined by the Merriam-Webster dictionary as: "the act of deliberately destroying or damaging property."[7] Vandalism is also defined as: "deliberately mischievous or malicious destruction or damage of property."[8] The court is aware that some definitions of vandalism include that it be done to another's property. As the term is not defined in the Policy, however, an ambiguity exists. In the event of ambiguity in an insurance policy provision, "a policy of insurance is to be construed strictly against the insurer and in favor of the insured." Spears v. Shelter Mut. Ins. Co., 73 P.3d 865, 868 (Okla. 2003). The court, therefore, finds that the definition of "vandalism" under the Policy does not include that it be done to another's property.

---

[6]The parties do not discuss whether there was "visible evidence of forcible entry" as required by the policy in the event of burglary.

[7]http://www.merriam-webster.com/dictionary/vandalism.

[8]http://dictionary.reference.com/browse/vandalism.

It appears, then, that American Modern is arguing a distinction without a difference. If the standard mortgage clause protects TFCU from *any act* of Mr. Beel, and American Modern agrees that includes fire caused by Mr. Beel, it also protects TFCU from vandalism by Mr. Beel. Accordingly, TFCU's motion is granted in part. While Mr. Beel's acts cannot defeat TFCU's coverage, remaining for resolution is American Modern's claim that TFCU did not comply with the terms of the Policy. If American Modern prevails on this issue, then TFCU may not be entitled to recover under the Policy.

*American Modern's Motion*

American Modern requests that the court enter judgment on the pleadings as to TFCU's bad faith claim. "An insurer has an 'implied-in-law duty to act in good faith and deal fairly with the insured to ensure that the policy benefits are received.'" Newport v. USAA, 11 P.3d 190, 195 (Okla. 2000) (quoting Christian v. American Home Assurance Co., 577 P.2d 899, 901 (Okla. 1977)). When an insured presents a claim, "an insurer 'must conduct an investigation reasonably appropriate under the circumstances' and 'the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient.'" Id. (quoting Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984)).

Where there is a legitimate dispute, an insured will not prevail on a bad faith cause of action. Id. "The decisive question is whether the insurer had a 'good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy.'" Id. (quoting Buzzard v. McDanel, 736 P.2d 157, 159 (Okla. 1987)).

While the court doubts TFCU will prevail on this claim, the court accepts as true the factual allegations in the Counterclaim and finds that the Counterclaim includes sufficient facts

8

to state a claim that is plausible on its face. The Counterclaim gives American Modern fair notice of what the claim is and the grounds upon which it rests. Accordingly, the motion is denied as to the bad faith claim.

*Summary*

TFCU's motion [Docket No. 13] is hereby GRANTED in part and DENIED in part. American Modern may not deny TFCU's claim based on vandalism done by or at the direction of Mr. Beel. The claim may be denied, however, if it is determined that TFCU did not comply with the terms of the Policy. American Modern's motion [Docket No. 18] is hereby DENIED.

IT IS SO ORDERED this 18th day of May, 2015.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma